## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

ROGELIO EZQUEDA,

      Plaintiff,

v.                                     No. 1:17-cv-00008 MCA-KRS

TIMOTHY HATCH, *Warden,* NNMDF
MATHEW MONTOYA, *Chief of Security,* NNMDF
CHARELS STEPHENS, *Security Warden,* NNMDF
MICHAEL TRUJILLO, *Correctional Officer,* NNMDF, and
CHYANNE GARZA, *Correctional Officer* NNMDF.

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and Fed. R.

Civ. P. 12(b)(6), on Plaintiff Rogelio Ezqueda's civil rights complaint [Doc. 1]. He also filed

motions seeking injunctive relief and the appointment of counsel in connection with the complaint.

[Docs. 6, 8]. Plaintiff is incarcerated, appears *pro se*, and is proceeding *in forma pauperis.* For

the reasons set out below, the Court will dismiss the complaint without prejudice, grant Plaintiff

leave to amend, and deny any additional relief.

**Standards Governing *Sua Sponte* Review**

The Court has discretion to dismiss an *in forma pauperis* complaint *sua sponte* under §

1915(e)(2) "at any time if … the action … is frivolous or malicious; [or] fails to state a claim on

which relief may be granted." The Court may also dismiss a complaint *sua sponte* under Rule

12(b)(6) if "it is patently obvious that the plaintiff could not prevail on the facts alleged, and

allowing [plaintiff] an opportunity to amend [the] complaint would be futile." *Hall v. Bellmon,*

935 F.2d 1106, 1110 (10th Cir. 1991) (quotations omitted). The plaintiff must frame a complaint

that contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Threadbare recitals" of a cause of action and conclusory allegations, without more, do not suffice. *Id.*

Because Plaintiff is *pro se*, his "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall,* 935 F.2d at 1110. If the court can "reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, … confusion of various legal theories, … poor syntax and sentence construction, or … unfamiliarity with pleading requirements." *Id.* At the same time, however, it is not "the proper function of the district court to assume the role of advocate for the *pro se* litigant." *Id.*

**BACKGROUND**

Plaintiff asserts various claims under 42 U.S.C. § 1983 and the First, Fourth, Eighth, and Fourteenth Amendments for torture; sexual harassment; deliberate indifference to medical needs; the denial of due process; and the denial of religious freedom. The Court assumes the following facts taken from the complaint and the motion for injunctive relief are true.

Plaintiff is an inmate at the Northeast New Mexico Detention Facility ("NNMDF"). On August 14, 2016, Major Montoya and Officer Trujillo escorted him to a restroom outside of his cell. [Doc. 1, p. 3, 5]. They forced Plaintiff to make himself vomit into a pink tote bag until he was blue in the face. [Doc. 1, p. 5]. Plaintiff was then forced to defecate into the same bag. *Id.* He sustained injuries to his throat, hand, and anal cavity. [Doc. 1, p. 3]. Three days later, Officer

Garza confiscated the prayer rug Plaintiff used to practice his Muslim faith.   [Doc. 1, p. 5].

Plaintiff called the Prison Rape Elimination Act ("PREA") hotline to report the incidents. *Id.*   During a follow-up interview, Security Warden Stephens laughed at Plaintiff and told him "that there was [sic] things [Plaintiff] couldn't say."   *Id.*   Plaintiff has been assaulted by other inmates "because of what prison staff is saying about [him]."   [Doc. 1, p. 5].   NNMDF staff members "ask other inmates about what or how [Plaintiff is] doing in hopes [he] get[s] assaulted again."   [Doc. 1, p. 6].   He also fears NNMDF staff members will try to hurt him.   [Doc. 6, p. 1]. Plaintiff has filed various informal complaints and at least three requests for mental health care, but NNMDF either does not respond or responds in an untimely fashion.   [Doc. 1, p. 7; Doc. 6, p. 1].

Based on these occurrences, Plaintiff sued all aforementioned actors and Timothy Hatch, NNMDF's Warden, seeking: (1) unspecified money damages; (2) a new prayer rug; (3) the return of any other property or privileges revoked in retaliation for his report to the PREA hotline; and (4) the termination of all Defendants from their employment at NNMDF.   [Doc. 1, p. 7].   Plaintiff also seeks the appointment of counsel and an injunction ordering his transfer to another prison. [Doc. 6, p. 1; Doc. 8, p. 1].

 ANALYSIS

A. Screening the Complaint

The primary focus of the complaint is the restroom incident, where Plaintiff was forced to vomit and defecate into a bag.   He argues the incident amounts to torture, sexual harassment, and cruel and usual punishment.   "[S]exual harassment or abuse of an inmate by a corrections officer … can, in certain circumstances, constitute the unnecessary and wanton infliction of pain that is forbidden by the Eighth Amendment."   *Joseph v. U.S. Federal Bureau of Prisons*, 232 F.3d 901, *1 (10th Cir. Oct. 16, 2000) (unpublished) (quotations omitted).   "[A]n inmate must … prove, as

an objective matter, that the alleged abuse or harassment caused 'pain' and, as a subjective matter, that the officer in question acted with a sufficiently culpable state of mind." *Id.* Visual body cavity searches can also be actionable under the Fourth Amendment if they are "conducted in an abusive fashion or with unnecessary force." *Levoy v. Mills*, 788 F.2d 1437, 1439 (10th Cir. 1986). Courts must "balance the need for the particular search against the invasion of personal rights…." *Id.* (quoting *Bell v. Wolfish*, 441 U.S. 520, 559 (1979)). Factors to consider include the "scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted." *Id.*

The Court cannot determine whether the restroom incident is actionable under the Fourth or Eighth Amendment because the prison officials' motivation is unclear. There are no allegations about the officials' state of mind, the circumstances surrounding the incident, whether it involved a search for contraband, or what explanation, if any, Major Montoya and Officer Trujillo provided. The complaint therefore does not state a constitutional claim for torture, sexual harassment, or an unreasonable search.

Plaintiff's claim that Officer Garza confiscated his prayer rug, which may or may not relate to the restroom incident, is similarly deficient. Without knowing how and why the prayer rug was confiscated, it is not possible to determine whether Plaintiff's due process rights were violated. Further, with respect to the First Amendment claim, Plaintiff gives no indication whether his religious beliefs were "substantially burdened" by the confiscation or whether Officer Garza lacked "legitimate penological interests that justified the impinging conduct." *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (describing the "two-step inquiry" required "to allege a constitutional violation based on a free exercise claim"). *See also Mabon v. Campbell,* 205 F.3d 1340 (6th Cir. 2000) (unpublished) (Affirming dismissal of generalized claim that inmate's prayer rug was

4

"defiled"); *Flynn v. Ward,* 2016 WL 1357737, *10 (N.D.N.Y. April 5, 2016) ("[V]ague accusations that plaintiff was forced to send his [prayer] rug home" are not sufficient to survive screening).

Plaintiffs' allegations that he was denied access to mental health services are also too conclusory to state a constitutional claim. To demonstrate Defendants were deliberately indifferent to Plaintiff's medical needs, his mental health issues must have "been diagnosed by a physician as mandating treatment or … so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Oxendine v. Kaplan*, 241 F.3d 1272, 1276 (10th Cir. 2001). The complaint must also allege that Defendants "kn[e]w of and disregarded an excessive risk to [Plaintiff's] health or safety." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994).

Finally, the complaint lacks sufficient information for the Court to address the alleged assaults. Prison officials can be liable under the Eighth Amendment if they actively encourage an inmate assault. *See Northington v. Jackson,* 973 F.2d 1518, 1525 (10th Cir. 1992) (Guard who told other inmates the plaintiff was a "snitch" demonstrated a "wanton disregard for the inmate's safety"). Here, however, Plaintiff does not name the responsible prison officials or indicate what they allegedly said to incite the violence. The complaint must "make clear exactly *who* is alleged to have done *what to whom*, to provide each individual with fair notice as to the basis of the claim against him or her." *Robbins v. Oklahoma,* 519 F.3d 1242, 1249-50 (10th Cir. 2008).

For the foregoing reasons, the Court will dismiss Plaintiff's complaint without prejudice because it fails to state a cognizable claim under § 1983 or the First, Fourth, Eighth, or Fourteenth Amendments. Plaintiff may file an amended complaint within 30 days of entry of this order. When naming the defendants, Plaintiff should bear in mind that each individual must have personal involvement in the constitutional violation. *See Trask v. Franco,* 446 F.3d 1036, 1046 (10th Cir.

5

1998).   If he wishes to proceed against supervisory personnel such as the warden, he must allege

facts identifying the "specific policies over which [the] defendant[] possessed responsibility."

*Pahls v. Thomas,* 718 F.3d 1210, 1226 (10th Cir. 2013).   The Court also cautions Plaintiff that

while he may recover damages if liability exists, much of the non-monetary relief he requests is

either unavailable or very difficult to obtain.   *See, e.g., Grisson v. Roberts,* 435 Fed. App'x 717,

718 (10th Cir. 2011) (The district court cannot order the termination of prison officials).

If Plaintiff declines to timely file an amended complaint or files an amended complaint that

similarly fails to state a cognizable claim, the Court may dismiss the case with prejudice and

without further notice.

B. Injunctive Relief

Federal courts may grant injunctive relief in prisoner cases "to prevent violations of

constitutional rights."   *Simmat v. U.S. Bureau of Prisons,* 413 F.3d 1125, 1231 (10th Cir. 2005).

Traditional preliminary injunction standards apply, which require the movant to establish:

> (1) a substantial likelihood of success on the merits of the case; (2) irreparable injury to the movant if the preliminary injunction is denied; (3) the threatened injury to the movant outweighs the injury to the other party under the preliminary injunction; and (4) the injunction is not adverse to the public interest.

*Pinson v. Pacheco,* 424 Fed. App'x 749, 753 (10th Cir. 2011) (quoting *Kikumura v. Hurley*, 242

F.3d 950, 955 (10th Cir. 2001)).   The inmate's right to relief must be clear and unequivocal, as

"federal courts [are reluctant] to intervene in matters of prison administration."   *Battle v.*

*Anderson*, 564 F.2d 388, 392 (10th Cir. 1977).   Further, the inmate must show a substantial risk of

*future* harm.   *See Farmer v. Brennan*, 511 U.S. 825, 847 (1994).   Past attacks, by themselves, will

not justify an injunction, though they may be evidence that future harm is likely.   *See Pinson,* 424

Fed. App'x at 755.

Plaintiff seeks an injunction directing his transfer to another prison. Although Plaintiff alleges he fears death or serious injury, the facts in his motion are insufficient to show a substantial, concrete risk of future harm. The motion recites that he has been assaulted "because of what staff members say to other inmates" and fears that "staff members … will try to hurt [him]." [Doc. 6, p. 1]. As discussed above, Plaintiff does not describe the past assaults, nor does he identify the staff members involved, what they are saying, or why he believes they will hurt him. *See, e.g., Pinson,* 424 Fed. App'x at 755 (denying injunction where inmate "provided no details … as to" when he was attacked or "whether the other inmate is or was a member of the gang that purportedly poses a threat to him"). Plaintiff also complains that prison officials refuse to timely answer internal grievances and other requests, which does not justify injunctive relief. The Court will therefore deny the motion for injunctive relief without prejudice. If Plaintiff still believes he is at risk of substantial harm, he may file another motion containing more detail.

C. Appointment of Counsel

"Courts are not authorized to appoint counsel in § 1983 cases; instead, courts can only 'request' an attorney to take the case." *Rachel v. Troutt*, 820 F.3d 390, 397 (10th Cir. 2016). The decision to make this request is a matter of discretion. *Toevs v. Reid*, 685 F.3d 903, 916 (10th Cir. 2012). Factors guiding the Court's decision include "the merits of the claims, the nature of the claims, [the inmate's] ability to present the claims, and the complexity of the issues." *Rachel,* 820 F.3d at 397.

Considering these factors, the Court is not convinced that counsel should be appointed at this time. The claims are not particularly complex, and it is at least questionable whether Plaintiff will prevail on the facts alleged. Further, beyond citing his indigence and lack of legal knowledge - which is unfortunately true in most *pro se* cases - Plaintiff has not demonstrated an inability to

prosecute the action.   The motion seeking the appointment of counsel will therefore be denied.

**CONCLUSION**

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's civil rights complaint [Doc. 1] is **DISMISSED without prejudice** pursuant to § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may granted.

**IT IS FURTHER ORERED** Plaintiff may file an amended complaint within 30 days of entry of this order.

IT IS FURTHER ORDERED that Plaintiff's Petition for Injunctive Relief [Doc. 6] and Motion for Appointment of Counsel [Doc. 8] are **DENIED without prejudice.**

_____
CHIEF UNITED STATES DISTRICT JUDGE