# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

FILED
UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

17 OCT 27 PM 1: 25

CLERK-ALBUQUERQUE

ROGELIO EZQUEDA,

      Plaintiff,

v.

      No. 1:17-cv-00008 MCA-KRS

TIMOTHY HATCH, *Warden,* NNMDF
MATHEW MONTOYA, *Chief of Security,* NNMDF
CHARELS STEPHENS, *Security Warden,* NNMDF
MICHAEL TRUJILLO, *Correctional Officer,* NNMDF, and
CHYANNE GARZA, *Correctional Officer* NNMDF.

      Defendants.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

**THIS MATTER** is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and Fed. R.

Civ. P. 12(b)(6), on Plaintiff Rogelio Ezqueda's civil rights complaint [Doc. 1]. Plaintiff is

incarcerated, appears *pro se*, and is proceeding *in forma pauperis*. For the reasons set out below,

the Court will dismiss the complaint for failure to state a claim and failure to prosecute. The Court

will also impose a "strike" under 28 U.S.C. § 1915(g).

On January 3, 2017, Plaintiff filed a civil rights complaint challenging his treatment at the

Northeast New Mexico Detention Facility. The complaint alleges prison officials forced him to

defecate and vomit into the same tote bag. [Doc. 1, p. 3-5]. When he complained, the officials

allegedly confiscated his prayer rug. [Doc. 1, p. 5]. Plaintiff also alleges prison officials

dismissed his Prison Rape Elimination Act ("PREA") report, spread "rumors" about him, refused

to provide adequate mental health care, and failed to protect him from attack. [Doc. 1, p. 5-7].

The complaint seeks unspecified money damages and injunctive relief pursuant to 42 U.S.C. §

1983 and the First, Fourth, Eighth, and Fourteenth Amendments.

By a Memorandum Opinion and Order entered August 22, 2017 [Doc. 14], the Court dismissed the complaint *sua sponte* for failing to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b). Specifically, Plaintiff's allegations lacked sufficient detail to demonstrate an objectively serious constitutional deprivation or that the prison officials had a "sufficiently culpable state of mind." *Craig v. Eberly*, 164 F.3d 490, 495 (10th Cir.1998) (quotations omitted). The Court noted, for example, that it was unclear whether the tote bag incident involved a search for contraband, what explanation, if any, the prison officials provided for the intrusion, and whether Plaintiff wished to proceed under the Fourth or Eighth Amendment. [Doc. 14, p. 3]. The ruling also cited several Tenth Circuit cases describing how to state a claim based on the denial of religious freedom, deliberate indifference to medical needs, and the failure to protect. *See, e.g. Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (Under the First Amendment, an inmate's religious beliefs must be "substantially burdened" by the confiscation and the officials must lack "legitimate penological interests that justified the impinging conduct"); *Oxendine v. Kaplan*, 241 F.3d 1272, 1276 (10th Cir. 2001) (The deliberate indifference standard requires the mental health issues to have "been diagnosed by a physician as mandating treatment or ... so obvious that even a lay person would easily recognize the necessity for a doctor's attention"); *Northington v. Jackson,* 973 F.2d 1518, 1525 (10th Cir. 1992) (the failure to protect may be actionable if the inmate names the responsible officers).

Consistent with *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir. 1991), Plaintiff was given thirty days (*i.e.,* until September 21, 2017) to amend his complaint. The Court advised that if he failed to timely file an amended complaint, the case could be dismissed with prejudice and without further notice. Plaintiff did not file an amended complaint or otherwise respond to the Memorandum Opinion and Order. This action will therefore be dismissed with prejudice pursuant

to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b) for failure to state a claim on which relief may be granted.

Such dismissal counts as a strike under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g). *See Hafed v. Bureau of Prisons,* 635 F.3d 1172, 1176-77 (10th Cir. 2011) (holding that dismissal of an action as frivolous, malicious, or for failure to state a claim under § 1915(e)(2)(B) counts as a strike under § 1915(g)). The Court notifies Plaintiff that if he accrues three strikes under the PLRA, he may not proceed *in forma pauperis* in civil actions before the federal courts unless he is under imminent danger of serious physical injury. *See* § 1915(g).

For the foregoing reasons, **IT IS HEREBY ORDERED** that this action is **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 1915A(b) for failure to state a claim on which relief may granted; and judgment will be entered.

**IT IS FURTHER ORERED** that a strike is **IMPOSED** against Plaintiff Rogelio Ezqueda under 28 U.S.C. § 1915(g).

CHIEF UNITED STATES DISTRICT JUDGE